[No. 22086.   Department Two.   April 8, 1930.]

THE TOWN OF UNIONTOWN, *Appellant*, v. J. M. KLEMGARD *et al., Respondents.*[1]

E. J. Doyle and F. L. Stotler, for appellant.
Clegg & LaFollette, for respondents.

FULLERTON, J.—In January, 1922, the town of Uniontown, a municipality of the fourth class situated in Whitman county, instituted a proceeding in the superior court of the county named in which it sought a writ of mandate to compel the county assessor of the county to list, for the purposes of taxation by the

[1]Reported in 286 Pac. 648.

municipality, certain grain stored in warehouses located within its corporate limits. For reasons, not necessary here to explain, the cause did not come on for final hearing before the trial court until January 3, 1923, at which time the court denied the application and entered a judgment dismissing the proceedings.

The applicant for the writ appealed to this court from the judgment of dismissal, which appeal was heard by a department of this court and an opinion filed directing a reversal. *Town of Uniontown v. Klemgard,* 129 Wash. 144, 224 Pac. 610. Subsequently, a rehearing *En Banc* was granted and the cause re-argued, resulting in an adherence to the conclusion of the department and an order directing the court to grant the writ. *Uniontown v. Klemgard,* 131 Wash. 701, 230 Pac. 853. The remittitur from this court was sent down and filed in the superior court under date of December 15, 1924.

No further action was taken in the matter until June 14, 1928, when the trial court granted a writ of mandate in compliance with the direction of this court. Later on the town applied to the court for, and was granted, an order directed to the county officers named in the writ, requiring them to show cause why they had not complied therewith. The officers answered, setting up, in substance, that there was not any record or other data in their respective offices from which they could ascertain the amount of property subject to taxation within the town of Uniontown, which had been omitted from the assessment rolls in the years named in the writ, and that compliance with the order was for that reason impossible. Issue was taken on the answer and a trial had which resulted in a denial of the relief sought, and a dismissal of the proceedings. The appeal before us is from this judgment.

We think it needless to enter into an ex-

tended discussion of the questions urged in the arguments. The record makes it clear that there cannot now be a compliance with the writ of mandate. The property originally subject to the tax was long since removed from the warehouses in which it was stored, and there is no method now open by which it can be assessed so as to make the tax a specific lien upon it. Nor can the tax now be made a charge against the then owners of the property. The record, while it shows that certain individuals had stored grain in the warehouses which apparently had not been disposed of by them prior to the first day of March of the several assessment years, further shows that the grain was stored in public warehouses and that negotiable warehouse receipts were issued for the grain to the persons making the storage at the time it was so stored. These receipts were transferable by indorsement, and their transfer would pass title to the grain. Who held them on the day on which the assessment is required to be returned, is not made to appear, and manifestly the court cannot charge the original depositors with the ownership without first bringing them into court and giving them an opportunity to defend against the charge. They are not before the court, and it follows that the court is powerless to grant the relief which the proceedings were instituted to enforce.

The appellant, however, suggests an alternate remedy. It points out that the property did not escape taxation entirely, but that it was assessed and taxes were paid thereon in taxing districts other than the district in which it was properly assessable. The remedy suggested is that the court order the taxing officers " . . . to include in the budget for the coming year of the outlying districts, the amount of money which they have received in taxes for these two years which rightly belongs to the town of Uniontown, and,

from the proceeds so levied, repay the town of Union-town.''

. But whether the appellant is entitled under any circumstances to this form of relief, we shall not determine. We are clear that it cannot be had in the present proceedings. Conceding that mandamus, under our practice, is a civil remedy, equitable in its nature, in which the rights of the parties can be fully adjudicated, the evidence in the present record is not sufficient to enable the court to make such an adjudication; there is no evidence from which it can be ascertained what the excessive amounts are which the taxing districts have received; in fact, nothing by which it can be ascertained what taxing districts are involved.

It is also objected that the conclusion reached fails to give effect to the prior judgment of this court. But, as we have shown, the trial court complied literally with the order of this court by issuing the writ of mandate directed to be issued. When the officers of the county against whom the mandate ran attempted to comply with it, they found, owing to delays necessary and unnecessary, that compliance with the mandate was impossible. On making such a showing to the court, they were entitled to be relieved from their duties and obligations imposed upon them by the writ.

The judgment is affirmed.

MITCHELL, C. J., HOLCOMB, MAIN, and FRENCH, JJ., concur.